UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN L. M.,

Plaintiff,

v. 5:21-cv-368 (BKS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

OLINSKY LAW GROUP HOWARD D. OLINSKY, ESQ.
*Counsel for Plaintiff*
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION CHRISTOPHER LEWIS POTTER, ESQ.
OFFICE OF THE GENERAL COUNSEL
*Counsel for Defendant*
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

John L. M. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of his request for Supplemental Security Income. (Dkt. No. 1.) Plaintiff did not consent to the disposition of this case by a Magistrate Judge. (Dkt. No. 5.) Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c) in accordance with General Order 18. (Dkt. Nos. 4, 18, 21.) For the reasons set forth below, the undersigned recommends the Court deny Plaintiff's motion and affirm the Commissioner's decision.

## I. BACKGROUND

Plaintiff was born in 1968 and completed two years of college. (T. at 159, 188.[1]) After working several jobs—most recently as a "Final Assembly" worker—Plaintiff stopped working on April 15, 2017, due to his impairments. *Id.* at 53-56, 187-88, 193. Plaintiff subsequently accepted a part-time job doing home-care for his elderly mother-in-law seven hours a week. *See id.* at 40-41.

Plaintiff filed for Supplemental Security Income on May 18, 2018, claiming disability due to cellulitis with swelling. *Id.* at 15, 66-67, 186-87. Plaintiff claimed an onset date of April 15, 2017. *Id.* at 159, 168. The Commissioner denied Plaintiff's initial application, and he requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 76-80, 87. ALJ Bruce S. Fein held a hearing on May 28, 2020, and Plaintiff testified along with vocational expert Helen Feldman. *Id.* at 35-65. The ALJ denied Plaintiff's claim for benefits on June 10, 2020, and the Appeals Council denied Plaintiff's request for review on January 28, 2021. *Id.* at 1-3, 15-25. Plaintiff now seeks this Court's review. (Dkt. No. 1.)

## II. STANDARD OF REVIEW

In reviewing a final decision of the Commissioner, courts must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013) (citing *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999)); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987); *Brennan*

[1] The Administrative Transcript is found at Dkt. No. 13. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Page references to other documents identified by docket number are to the page numbers assigned by the Court's CM/ECF electronic filing system.

*v. Colvin*, No. 13-CV-6338 (AJN) (RLE), 2015 WL 1402204, at *10 (S.D.N.Y. Mar. 25, 2015).[2] "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)). Accordingly, the reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied. *Johnson*, 817 F.2d at 985; *see also Douglass v. Astrue*, 496 F. App'x 154, 156 (2d Cir. 2012) ("Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations.").

If the ALJ applied the correct legal standards, the reviewing court must determine whether the ALJ's decision is supported by substantial evidence. *Tejada*, 167 F.3d at 773; *Bowen*, 817 F.2d at 985. "Substantial evidence means more than a mere scintilla." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). In a similar vein, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). "The court, however, will not defer to the Commissioner's determination if it is the product of legal

---

[2] "Since the standards for determination of disability and for judicial review in cases under 42 U.S.C. § 423 and 42 U.S.C. § 1382c(a)(3) are identical, decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983). Moreover, "[t]he regulations that govern the two programs are, for today's purposes, equivalent." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

error." *Hopson v. Comm'r of Soc. Sec.*, No. 20-CV-6528 (LTS) (RWL), 2022 WL 1749930, at *2 (S.D.N.Y. Jan. 12, 2022).

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). Remand may accordingly be appropriate where the ALJ has failed to develop the record, *Klemens v. Berryhill*, 703 F. App'x 35, 38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999), adequately appraise the weight or persuasive value of witness testimony, *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130-31 (2d Cir. 2008), or explain his reasoning, *Klemens*, 703 F. App'x at 36-38; *Pratts*, 94 F.3d at 39.

## III. DISCUSSION

The ALJ concluded Plaintiff was severely impaired but not disabled within the meaning of the Social Security Act because he was capable of performing past relevant work. (T. at 15, 17, 24-25.) In particular, the ALJ concluded Plaintiff had the residual functional capacity to perform light work with limitations that did not prevent him from performing past work "as actually and generally performed." *Id.* at 20-24.[3]

Plaintiff argues the ALJ's residual functional capacity determination was not supported by substantial evidence because the ALJ improperly evaluated the medical opinion of his physician, Adam Duckett, D.O. (Dkt. No. 18 at 12-13, 19; *see also* T. at 303-305 (Dr. Duckett's undated opinion).) In response, the Commissioner argues the ALJ properly evaluated Dr. Duckett's opinion and adequately explained that evaluation. (Dkt. No. 21 at 1, 3, 5-9.) The

[3] The ALJ further concluded Plaintiff's part-time work caring for his mother-in-law did "not rise to the level of substantial gainful activity." (T. at 17.)

Commissioner accordingly argues the ALJ's residual functional capacity determination was supported by substantial evidence. *Id.* at 1.

For the following reasons, the undersigned concludes substantial evidence supports the ALJ's evaluation of Dr. Duckett's medical opinion. (*See* T. at 23.) The undersigned further concludes substantial evidence supports the ALJ's residual functional capacity determination. *See id.* at 20-24. The undersigned accordingly recommends that the Court deny Plaintiff's motion and affirm the Commissioner's decision.

**A. Dr. Duckett's Opinion and the ALJ's Decision**

In support of his claim for Supplemental Security Income benefits, Plaintiff submitted years of treatment records from various healthcare professionals. (*See generally* T. at 240-1370.) Plaintiff also submitted an undated medical opinion from one of his physicians, Dr. Duckett. *See id.* at 303-305. In that opinion, Dr. Duckett diagnosed Plaintiff with four impairments: diabetes, hypertension, left hip replacement, and "Left hand [illegible]." *Id.* at 303. Dr. Duckett opined Plaintiff had "good" prognoses for his diabetes, hypertension, and left hip, but a "poor" prognosis for his left hand. *Id.* Dr. Duckett indicated these impairments caused Plaintiff no relevant symptoms. *Id.*

Based on his evaluation of Plaintiff's impairments, Dr. Duckett opined that if Plaintiff was placed in a competitive work environment, he could sit more than two hours at one time before needing to get up. *Id.* He similarly opined Plaintiff could stand more than two hours at one time before needing to sit down or walk around. *Id.* In total, Dr. Duckett concluded Plaintiff could sit, stand, or walk at least six hours in an eight-hour workday with normal breaks, but would need permission to shift positions at will from sitting, standing, or walking. *Id.* at 304. Dr. Duckett opined Plaintiff could perform most exertional and postural activities between "34%

to 56% of an 8-hour workday." *Id.* Finally, Dr. Duckett opined Plaintiff's impairments would cause him to take unscheduled breaks, to be off-task ten percent of the workday, and to miss work about three days per month. *Id.* at 305.

The ALJ found Dr. Duckett's medical opinion to be "partially persuasive." *Id.* at 23. The ALJ concluded Dr. Duckett's opinions about Plaintiff's exertional and postural limitations were "supported by the longitudinal medical record" and Dr. Duckett's "own evidence of treatment." *Id.* The ALJ further concluded these opinions were "consistent with the opinion of Dr. Ganesh." *Id.* However, the ALJ concluded Dr. Duckett's "vague statements regarding needing to change positions, be off task, or be absent from work are not supported by the record and are inconsistent with Dr. Duckett's specific assessments on exertional ability." *Id.* The ALJ concluded Dr. Duckett failed to support his opinion that Plaintiff would need unscheduled breaks by identifying "a duration of frequency for such breaks." *Id.* The ALJ further concluded the opinion that Plaintiff would need permission to shift positions at will from sitting, standing, or walking was inconsistent with Dr. Duckett's "assessment that [Plaintiff] can sit or stand more than two hours at one time." *Id.* Finally, the ALJ found Dr. Duckett's opinion that Plaintiff would miss "[a]bout three days per month" to be inconsistent with Plaintiff's "benign physical examinations and Dr. Duckett's assessment of a generally good prognosis for [Plaintiff's] medically determinable impairments." *Id.* at 23, 305.

**B. Legal Standard**

For Supplemental Security Income claims filed on or after March 27, 2017, an ALJ's review of medical opinion evidence and prior administrative medical findings is governed by 20 C.F.R. § 416.920c. 20 C.F.R. § 416.920c; *see also Schillo*, 31 F.4th at 71 n.1. Under this

regulation, applicable here,[4] the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a); *see also Schillo*, 31 F.4th at 71 n.1; *Howard D. v. Saul*, No. 5:19-CV-01615 (BKS), 2021 WL 1152834, at *11 (N.D.N.Y. Mar. 26, 2021). Rather, the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 416.920c(a)-(c); *see also Howard*, 2021 WL 1152834, at *11.

The two most important factors in this analysis are supportability and consistency. 20 C.F.R. § 416.920c(b)(2); *see also Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *1 (2d Cir. June 17, 2022). The ALJ is specifically required to "explain how [h]e considered the supportability and consistency factors" when determining the persuasiveness of "a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 416.920c(b)(2); *Loucks*, 2022 WL 2189293, at *1; *see generally Jackson v. Kijakazi*, No. 20-CV-7476 (JLC), 2022 WL 620046, at *18 (S.D.N.Y. Mar. 3, 2022) ("It is not sufficient to cite to some objective medical evidence in the record and simply conclude that an opinion is consistent with other evidence in the file rendering it persuasive." ). "If the ALJ fails adequately to explain the supportability or consistency factors, or bases [his] explanation upon a misreading of the record, remand is required." *Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630 (LJL) (BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020), *report and recommendation adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021); *see, e.g.*, *Loucks*, 2022 WL 2189293, at *2

---

[4] Plaintiff filed his claim on May 18, 2018. (T. at 15, 66-67.)

(remanding where "the ALJ committed [harmful] procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); *Jackson*, 2022 WL 620046, at *18-20 (remanding because the ALJ misread the record, and did not adequately explain his evaluation of the supportability and consistency factors in light of the relevant evidence).

Under the supportability factor, the more a medical opinion or prior administrative medical finding is reinforced by "relevant . . . objective medical evidence and supporting explanations," the "more persuasive" it will be. 20 C.F.R. § 416.920c(c)(1); *see also Carmen M. v. Comm'r of the Soc. Sec. Admin*, No. 20-CV-06532 (MJR), 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021) ("The supportability factor asks how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations."). Under the consistency factor, a medical opinion or prior administrative medical finding is "more persuasive" if it is consistent "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2); *see also White v. Comm'r of Soc. Sec.*, No. 20 CIV. 6222 (SLC), 2022 WL 951049, at *5 (S.D.N.Y. Mar. 30, 2022) ("Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.").

"An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion." *Howard D.*, 2021 WL 1152834, at *11; *see also* 20 C.F.R. §§ 416.920c(a), (b)(2). However, where the ALJ has found two or more divergent medical opinions to be equally well supported and consistent with the record, the ALJ must articulate how he or she evaluated the three remaining factors. 20 C.F.R.

§ 416.920c(b)(3); *see also Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 267 (E.D.N.Y. 2021).

**C. The ALJ's Evaluation of Dr. Duckett's Opinion**

Plaintiff takes issue with the ALJ's failure to credit the aspects of Dr. Duckett's opinion indicating Plaintiff had a need to take unscheduled breaks and a limited ability to sit for prolonged periods of time, stay on-task, and maintain regular attendance. (*Compare* Dkt. No. 18 at 14-15, 17, 20, *with* T. at 303-305.) Although the ALJ gave an imperfect explanation for his evaluation of Dr. Duckett's opinion, substantial evidence supports his conclusion that these aspects of Dr. Duckett's opinion[5] were entitled to little persuasive value. (*See* T. at 23; *see also Loucks*, 2022 WL 2189293, at *2 ("Despite the ALJ's procedural error, we could affirm if a searching review of the record assures us that the substance of the regulation was not traversed.").)

*1. Supportability*

Dr. Duckett presented no objective medical evidence and offered no supporting explanation for his opinion that Plaintiff had a need to take unscheduled breaks and a limited ability to sit for prolonged periods of time, stay on-task, and maintain regular attendance. (*See* T. at 303-305; *see also* 20 C.F.R. § 416.920c(c)(1).) The ALJ observed Dr. Duckett failed to "identify a duration or frequency for" the unscheduled breaks—an indication the ALJ was unsatisfied with Dr. Duckett's absent explanation for the proposed unscheduled breaks limitation. (*See* T. at 23.) The ALJ also observed that Dr. Duckett's proposed sitting, concentration, and attendance limitations were "not supported by the record." *See id.* Although

---

[5] *See generally Gutierrez v. Comm'r of Soc. Sec.*, No. 20-CV-10233(KHP), 2022 WL 2116718, at *11 (S.D.N.Y. June 13, 2022) ("In weighing medical evidence, the ALJ may choose portions of an opinion he finds persuasive and reject those that are not.").

the supportability factor is concerned with "objective medical evidence . . . presented by [the] medical source," 20 C.F.R. § 416.920c(c)(1), not the entire record, Dr. Duckett failed to present *any* objective medical evidence in support of his medical opinion. (*See* T. at 303-305.) "The supportability factor asks how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations." *Carmen M.*, 2021 WL 5410550, at *4. Dr. Duckett failed to offer explanations or objective medical evidence in support of his opinion that Plaintiff had a need to take unscheduled breaks and a limited ability to sit for prolonged periods of time, stay on-task, and maintain regular attendance. (*See* T. at 23.) Substantial evidence accordingly supports the ALJ's conclusion that the supportability factor weighed against this aspect of Dr. Duckett's opinion. *See Tejada*, 167 F.3d at 773; *see, e.g.*, *Krystle H. v. Comm'r of Soc. Sec.*, No. 3:20-CV-855 (TWD), 2022 WL 888225, at *6 (N.D.N.Y. Mar. 25, 2022) (concluding substantial evidence supported the ALJ's conclusion that a medical opinion was unpersuasive where it lacked a supporting explanation and citations to objective medical evidence); *Courtney L. W. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1233 (TWD), 2022 WL 685290, at *5 (N.D.N.Y. Mar. 8, 2022) (same).

*2. Consistency*

Dr. Duckett's opinion that Plaintiff had a need to take unscheduled breaks and a limited ability to sit for prolonged periods of time, stay on-task, and maintain regular attendance is not consistent with evidence from other medical sources and nonmedical sources in the record. (*See* T. at 303-305; *see also* 20 C.F.R. § 416.920c(c)(2).) In evaluating this aspect of Dr. Duckett's opinion under the consistency factor, the ALJ concluded it suffered from three inconsistencies with other aspects of the opinion, and one broad inconsistency with what the ALJ characterized as Plaintiff's "benign physical examinations." (*See* T. at 23.) The undersigned agrees that Dr.

Duckett's opinion is internally inconsistent in one sense, but disagrees that it is otherwise internally inconsistent. *Compare id.* at 23, *with id.* at 303-304. For example, Dr. Duckett's proposed sitting, concentration, and attendance limitations are not necessarily "inconsistent with [his] specific assessments on exertional ability," and the ALJ did not explain why they were. *See id.*; *see also id.* at 304-305. Similarly, the limitation regarding Plaintiff's need to change position at will (i.e., from sitting, standing, or walking) does not necessarily conflict with Dr. Duckett's opinion about how long Plaintiff can maintain a sitting or standing position. *See id.* at 23, 303-304. There is no conflict between the two if Plaintiff is allowed to change position at will after sitting or standing for over two hours. The undersigned nonetheless agrees that Dr. Duckett's opinion concerning Plaintiff's attendance limitations (i.e., missing work "[a]bout three days per month") appears to be partially inconsistent with his "good" prognoses for Plaintiff's diabetes, hypertension, and left hip. *See id.* at 303-304.

A medical opinion's internal inconsistences, however, does not drive the assessment of the consistency factor. *See* 20 C.F.R. § 416.920c(c)(2). Rather, "[c]onsistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *White*, 2022 WL 951049, at *5. Although the ALJ in this case did not adequately address the consistency factor, the Second Circuit recently explained that an ALJ's decision can be affirmed if a searching review of the record indicates that the substance of the consistency factor was not traversed. *See Loucks*, 2022 WL 2189293, at *2 ("Despite the ALJ's procedural error, we could affirm if a searching review of the record assures us that the substance of the regulation was not traversed."). The Second Circuit applied this rule to the new

regulations,[6] concluding the ALJ's error was harmful, and thus, could not be affirmed. *See id.* District Courts in this Circuit have accordingly applied this rule in cases where the new regulations govern the evaluation of medical opinion evidence. *See, e.g., Dana Marie M. v. Comm'r of Soc. Sec.*, No. 6:21-CV-458 (GLS) (CFH), 2022 WL 2314560, at *7-8 (N.D.N.Y. June 28, 2022) (recommending that the Court affirm the ALJ's decision, despite the ALJ's failure to explain the consistency factor, because the substance of the consistency factor was not traversed); *Ricky L. v. Comm'r of Soc. Sec.*, No. 20-CV-7102 (FPG), 2022 WL 2306965, at *4 (W.D.N.Y. June 27, 2022) (finding "the ALJ's procedural error harmless" because the substance of the supportability and consistency factors was "not traversed").

Here, the undersigned conducted a searching review of the record and concludes that—despite the ALJ's failure to adequately explain the consistency factor—the substance of 20 C.F.R. § 416.920c(c)(2) has not been traversed. *See Loucks*, 2022 WL 2189293, at *2. Dr. Duckett's opinion concerning Plaintiff's need to take unscheduled breaks and his limited ability to sit for prolonged periods of time, stay on-task, and maintain regular attendance is not consistent with the record as a whole. (*See* T. at 303-305; *see also* 20 C.F.R. § 416.920c(c)(2).). The undersigned accordingly concludes substantial evidence supports the ALJ's conclusion that the consistency factor weighs against these limitations. *See, e.g., Dana Marie M.*, 2022 WL 2314560, at *7-8; *Ricky L.*, 2022 WL 2306965, at *4.

---

[6] This rule—an exception to procedural error—was originally applied to the treating physician rule, a product of older regulations. *See Estrella*, 925 F.3d at 95-96; *see generally* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources"). Under the new regulations, the treating physician rule no longer applies. *See* 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources.").

First, Dr. Duckett's proposed limitations are not consistent with the two other medical opinions in this case. (*Compare* T. at 303-305 (Dr. Duckett's undated opinion), *with id.* at 68-72 (Dr. K. Waldman's opinion, dated Aug. 23, 2018), 280-84 (Dr. Kalyani Ganesh's opinion, dated Aug. 8, 2018).) The ALJ found the opinion of Kalyani Ganesh, M.D., an independent consultative examiner, to be "persuasive," and he found the opinion of K. Waldman, M.D., a state agency consultant, to be "generally persuasive." *See id.* at 23-24.[7] Neither doctor diagnosed Plaintiff with a need to take unscheduled breaks or limitations in his ability to stay on-task and maintain regular attendance. *See id.* at 68-72, 280-84. Rather, in relevant part, Dr. Ganesh opined Plaintiff had a "[f]air" prognosis for his cellulitis, blood pressure, diabetes, and gout, had "[n]o limitations sitting or standing," and only "[m]ild to moderate limitations walking and climbing." *Id.* at 282-83. Dr. Waldman noted that, according to Plaintiff's treatment notes, his ulcer had healed, and his gout, hypertension, and diabetes were controlled with medication. *Id.* at 72. Dr. Waldman further observed that "multiple" treatment notes made "no mention of a cane or limp, and report [Plaintiff] walked with [a] normal gait for age." *Id.* Dr. Waldman nonetheless opined Plaintiff "could not be expected to" sit, stand, or walk "on a continued basis." *Id.* These opinions did not include any diagnosis, prognosis, or workplace limitation that is consistent with Dr. Duckett's opinion that Plaintiff had a need to take unscheduled breaks and a limited ability to stay on-task and maintain regular attendance. *Compare id.* at 72, 282-83, *with id.* at 303-305. Dr. Duckett's proposed limitations in these areas are not entitled to persuasive value because they are not sufficiently consistent with opinions of Drs. Ganesh and Waldman. *Compare id.* at 68-72, 280-84, *with id.* at 303-305; *see generally* 20 C.F.R. § 416.920c(c)(2)

[7] Plaintiff does not challenge the ALJ's evaluation of these opinions. (*See generally* Dkt. No. 18.)

("The *more consistent* a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, *the more persuasive* the medical opinion(s) . . . will be.") (emphasis added).

Second, Dr. Duckett's proposed limitations are not consistent with Plaintiff's treatment records. (*Compare* T. at 303-305 (Dr. Duckett's undated opinion), *with id.* at 240-73, 289-392, 306-1370 (Plaintiff's treatment records).) There is no indication in Plaintiff's treatment records that a healthcare professional diagnosed him with a need to take unscheduled breaks or that he had a limited ability to stay on-task, sit for prolonged periods, or maintain regular attendance at work. *See generally id.* at 240-73, 289-392, 306-1370. Plaintiff's records do indicate that he experienced edema and ulcers during the relevant time period,[8] but records from that period make no reference to Plaintiff's need to take breaks at work, or his limited ability to stay on-task, sit for prolonged periods, or maintain regular attendance at work. (*See generally* Dkt. No. 18 at 16-17 (citing T. at 548, 1320, 1328-35, 1352-53.).) Rather, Plaintiff's records from the relevant time period—including his trip to the emergency room for muscle spasms following several days of heavy lifting—document benign physical exams. (T at 293-98, 300-302, 545-68, 1314-26; *see also id.* at 72 (Dr. Waldman noting "multiple" treatment notes indicate Plaintiff "walked with normal gait for age," and concluding the "[m]edical source evidence [offered] no supporting objective medical evidence for neuropathy."), 281-82 (Dr. Ganesh noting Plaintiff's normal exam). Dr. Duckett's opinion about Plaintiff's need to take breaks at work and his limited ability

[8] The relevant period under review on Plaintiff's claim for Supplemental Security Income runs from May 18, 2018, the date he applied for those benefits, to June 10, 2020, the date of the ALJ's decision. 20 C.F.R. §§ 416.330, 416.335; *see, e.g.*, *Otero v. Kijakasi*, No. 20-CV-7612 (VEC) (DF), 2022 WL 1051164, at *2 (S.D.N.Y. Mar. 1, 2022), *report and recommendation* adopted, 2022 WL 951061 (S.D.N.Y. Mar. 30, 2022); *Segarra v. Comm'r of Soc. Sec.*, No. 20-CV-5801 (PGG) (DF), 2022 WL 1051155, at *2 (S.D.N.Y. Feb. 17, 2022), *report and recommendation adopted*, 2022 WL 669877 (S.D.N.Y. Mar. 7, 2022).

to stay on-task, sit for prolonged periods, or maintain regular attendance at work find no support in Plaintiff's treatment records. *Compare id.* at 303-305, *with id.* at 240-73, 289-392, 306-1370. Dr. Duckett's proposed limitations in these areas are accordingly not entitled to persuasive value because they are not sufficiently consistent with Plaintiff's treatment records. *Compare id.* at 68-72, 280-84, *with id.* at 303-305; *see generally* 20 C.F.R. § 416.920c(c)(2) ("The *more consistent* a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, *the more persuasive* the medical opinion(s) . . . will be.") (emphasis added).

Finally, Dr. Duckett's proposed limitations are not consistent with the non-medical evidence in this case, including Plaintiff's testimony. (*Compare* T. at 303-305 (Dr. Duckett's undated opinion), *with id.* at 40-53, 56-59 (Plaintiff's testimony), 159-65, 184-215.) Dr. Duckett's proposed limitations find little support in Plaintiff's initial application for Supplemental Security Income and accompanying reports. *See generally id.* at 159-65, 184-215. Dr. Duckett's opinion that Plaintiff needed to take breaks at work and had limitations in his ability to stay on-task and maintain regular attendance also finds little support in Plaintiff's testimony. *See id.* at 40-53, 56-59. However, Plaintiff did testify that it would be difficult for him to work his prior job since it required "[a] long time sitting," which causes him stiffness. *See id.* at 59. This is partially consistent with Dr. Duckett's opinion that Plaintiff had a limited ability to sit for prolonged periods. *See id.* at 303-304.

In sum, substantial evidence supports the ALJ's evaluation of Dr. Duckett's opinion. *See Tejada*, 167 F.3d at 773. The ALJ correctly evaluated Dr. Duckett's opinion under the supportability factor, and a searching review of the record indicates that the ALJ's treatment of Dr. Duckett's opinion did not traverse the substance of the consistency factor. *See Loucks*, 2022 WL 2189293, at *2; *see, e.g.*, *Dana Marie M.*, 2022 WL 2314560, at *7-8; *Ricky L.*, 2022 WL

2306965, at *4. The undersigned accordingly recommends that the Court deny Plaintiff's challenge to the ALJ's evaluation of Dr. Duckett's opinion. (*See* Dkt. No. 18.)

**D. The ALJ's Residual Functional Capacity Determination**

Plaintiff claims the ALJ's residual functional capacity determination "is not supported by substantial evidence" because the ALJ "failed to properly . . . evaluate" Dr. Duckett's opinion. *Id.* at 13. Plaintiff advances no other argument challenging the ALJ's residual functional capacity determination. *See id.* at 12-20. Stated differently, Plaintiff's sole critique of the ALJ's residual functional capacity determination is that it relied on the ALJ's purportedly flawed evaluation of Dr. Duckett's opinion. *See id.* at 13, 19. Yet, as explained above, substantial evidence supports the ALJ's evaluation of Dr. Duckett's opinion, *see Tejada*, 167 F.3d at 773, and the ALJ did not traverse the substance of the regulations for evaluating medical opinion evidence, *see Loucks*, 2022 WL 2189293, at *2. Moreover, the undersigned conducted her own review of the ALJ's decision *and* the record, yet perceived no legal error or evidentiary deficiency in the ALJ's residual functional capacity determination. *See generally id.* (explaining the Court first "reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards," and then "examines the record to determine if the Commissioner's conclusions are supported by substantial evidence."). The undersigned accordingly recommends that the Court reject Plaintiff's challenge to the ALJ's residual functional capacity determination. (*See* Dkt. No. 18 at 13, 19.)

## IV. CONCLUSION

For the foregoing reasons, the undersigned concludes the ALJ's decision was based on the correct legal standards and substantial evidence supports his decision.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) be **DENIED**; and it is further

**RECOMMENDED** that Defendant's motion for judgment on the pleadings (Dkt. No. 21) be **GRANTED**; and it is further

**RECOMMENDED** that the ALJ's decision denying Plaintiff disability benefits be **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation on the parties in accordance with the Local Rules. Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 18, 2022
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge