UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN L. M.,[1]

                      Plaintiff,                    5:21-cv-368 (BKS/TWD)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                      Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Christopher L. Potter, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

       Plaintiff John L. M. filed this action under 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's

application for Supplemental Security Income ("SSI") benefits. (Dkt. No. 1). This matter was

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation. (Dkt. No. 7); N.D.N.Y. L.R. 72.3(d). On July 18, 2022, after reviewing the parties' briefs, (Dkt. Nos. 18, 21), and the Administrative Record,[3] Magistrate Judge Dancks issued a Report-Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 22). Plaintiff has filed objections to the Report-Recommendation, (Dkt. No. 23), and Defendant responded, (Dkt. No. 24). For the following reasons, the Court adopts the Report-Recommendation, and, for the additional reasons stated herein, affirms the Commissioner's decision.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 13), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451

(S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.   ANALYSIS

The parties have not raised any objections to the background or the legal framework set

forth in the Report-Recommendation. (*See* Dkt. No. 22, at 2–4). The Court therefore adopts

Magistrate Judge Dancks's summary of the factual and procedural background and applicable

law, and presumes familiarity with those matters for the purposes of this decision. The Court also

adopts those aspects of the Report-Recommendation to which neither party has raised a specific

objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Dancks found that the ALJ "correctly

evaluated" the opinion of treating physician Adam Duckett, D.O. "under the supportability

factor" and that, while the ALJ "did not adequately address the consistency factor" with respect

to Dr. Duckett's opinion, a "searching review of the record" indicated that the substance of the

regulations governing the consideration of medical opinions was not traversed. (Dkt. No. 22, at

9–16). Plaintiff objects to this finding, arguing that (1) the Commissioner is bound to follow its

own regulations and the ALJ's procedural error requires remand "as a matter of law," (2)

Magistrate Judge Dancks's "searching review of the record" to "cure" the ALJ's procedural error

in failing to adequately articulate how he considered the consistency factor constitutes "an

impermissible post-hoc rationalization," and (3) the Report-Recommendation's searching review

of the record does not provide "good reasons" for discounting portions of Dr. Duckett's opinion.

(*See generally* Dkt. No. 23).[4]

---

[4] Plaintiff does not raise a specific objection to Magistrate Judge Dancks's finding that the ALJ complied with the regulations' articulation requirement of the supportability factor, raising only a perfunctory argument that the record contains certain evidence which is supportive of Dr. Duckett's opinions. (*See* Dkt. No. 23, at 7). The Court therefore

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 416.920c(a)–(c). The ALJ is required to "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." *Id.* § 416.920c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. *Id.* § 416.920c(b)(2).

With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. *Id.* § 416.920c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *see also Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at

---

has reviewed the finding that the ALJ committed no procedural error with respect to the supportability factor only for clear error, and finds none. *Ortiz*, 558 F. Supp. 2d at 451.

*3 (2d. Cir. June 17, 2022) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). However, "if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed,'" the court may affirm the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (quoting *Estrella*, 925 F.3d at 96).

### A.        Failure to Follow Regulations

Plaintiff first argues that the Commissioner is "bound to follow the regulations" governing consideration of medical opinions and that failure to comply with those regulations warrants remand "as a matter of law." (Dkt. No. 23, at 1–3). As the Second Circuit has recently stated, however, an ALJ's procedural error in failing to explain how he "considered the supportability and consistency of medical opinions in the record" does not necessarily preclude affirmance of the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *3–4. Plaintiff argues that *Loucks* "narrowly" held that a reviewing court can affirm the Commissioner's decision despite the ALJ's legal error "'where application of the correct legal principles could lead [the court] to [only] one conclusion'" but "does not provide legal authority for dismissing an ALJ's procedural error under the guise of a substantial evidence review." (Dkt. No. 23, at 4–5 (quoting *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *6)). While the Court agrees that *Loucks* does not suggest that a substantial evidence review can cure a procedural error, the Court disagrees that *Loucks* is as narrow as Plaintiff argues. In *Loucks*, the Court recited the well-settled principle that "[d]espite [an] ALJ's procedural error," a reviewing court can affirm if "a searching review of the record assures [the court] that the substance of the [regulation] was not traversed." 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (quoting *Estrella*, 925 F.3d at 96). Thus, while a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization,

it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole. *See Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151, at *11–12 (W.D.N.Y. June 27, 2022) ("[I]insofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed.'" (first quoting *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-cv-1056, 2022 WL 446462, at *5 n.5, 2022 U.S. Dist. LEXIS 26451, at *14 n.5 (W.D.N.Y. Feb. 14, 2022); and then quoting *Loucks*, 2022 WL 218293, at *2, 2022 U.S. App. LEXIS 16829, at *4)); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." (citation omitted)). Thus, Plaintiff is incorrect that procedural error alone requires remand as a matter of law.

**B.      Analysis of the Consistency Factor**

Plaintiff also argues that the Report-Recommendation's finding that the substance of the regulation requiring the ALJ to articulate his consideration of the consistency of Dr. Duckett's opinion constitutes an impermissible post-hoc rationalization for the ALJ's evaluation of that opinion and that Magistrate Judge Dancks does not provide a "good reason" for discounting Dr. Duckett's opinion. (Dkt. No. 23, at 8); *see Bartrum v. Astrue*, 32 F. Supp. 3d 320, 331 (N.D.N.Y. 2012) ("This Court simply cannot, and will not, re-weigh the medical evidence and/or 'create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.'" (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005))). In concluding that the ALJ's procedural error

in his treatment of the consistency factor did not warrant remand, Magistrate Judge Dancks

discussed the record evidence and concluded that Dr. Duckett's opinions regarding Plaintiff's

need to take unscheduled breaks and limited ability to sit for prolonged periods of time, stay on-

task, and maintain regular attendance were not consistent with the other medical opinions in the

record, Plaintiff's treatment records, and non-medical evidence including Plaintiff's testimony.

(*See* Dkt. No. 22, at 12–15). The Court need not determine whether, as Plaintiff contends, the

Report-Recommendation's reasoning is a post-hoc rationalization, because it finds, on de novo

review, that the ALJ's analysis of the record evidence, including Dr. Duckett's opinion, shows

that the substance of the regulations requiring consideration of the consistency of opinion

evidence was not traversed.

A searching review of the record shows that, in discussing the persuasiveness of the

medical opinions, the ALJ considered the consistency of Dr. Duckett's opinion with the record as

a whole. In addition to noting certain internal inconsistencies in Dr. Duckett's medical source

statement, the ALJ expressly noted that the relevant portions of Dr. Duckett's opinion were "not

consistent with the claimant's benign physical examinations." (R. 23); *see White v. Comm'r of*

*Soc. Sec.*, No. 20-cv-6222, 2022 WL 951049, at \*5, 2022 U.S. Dist. LEXIS 59095, at \*14

(S.D.N.Y. Mar. 30, 2022) ("Consistency is an all-encompassing inquiry focused on how well a

medical source is supported, or not supported, by the entire record" (citation and internal

quotation marks omitted)). While the ALJ did not elaborate on this point specifically in his

discussion of Dr. Duckett's opinion, the remainder of the ALJ's decision discusses those "benign

physical examinations." (*See, e.g.*, R. 21 (referring to a May 2018 physical examination that was

"benign including a normal gait and normal coordination" (citing R. 272–74)); *id.* (discussing

consultative examiner Dr. Ganesh's examination at which Plaintiff "demonstrated a mild limp

and walked with a cane" but where the "remainder of the . . . examination was benign including intact range of motion, stable joints, and full strength and sensation" and Plaintiff had "intact activities of daily living" (citing R. 280–83)); *id.* (discussing podiatric records indicating "some sensory loss in the feet" but the ability to "walk without significant complication" and "stable functioning" (citing R. 1351–83)); R. 22 (noting that physical examinations of Plaintiff "remained benign" (citing R. 1314–21)); *id.* (discussing Dr. Duckett's December 2019 treatment notes indicating that Plaintiff was "doing well" and walked with a "normal gait for his age" (citing R. 1323–26))). Furthermore, the ALJ found Dr. Ganesh's opinion "persuasive" because, among other reasons, the opinion was supported by "objective findings describing generally intact physical functioning even with an isolated observation of a mild limp" and was "consistent with the contemporary treatment record describing adequate strength, mobility, and motor skills to sustain the limited demands of a reduced range of light work." (R. 23). Thus, reading the ALJ's decision as a whole, the Court can glean the ALJ's consideration of the consistency of Dr. Duckett's opinion from his analysis of the medical evidence showing benign physical examinations and his analysis of Dr. Ganesh's opinion. The Court therefore concludes that the substance of the regulation was not traversed and the ALJ's procedural error in addressing the consistency factor does not require remand. *See Ricky L.*, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151, at *11–12 ("[I]insofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed.'").

The Court has reviewed the remainder of the Report and Recommendation for clear error and found none.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 22) is **ADOPTED**; and it is further

**ORDERED** that, for the reasons stated in the Report-Recommendation, and for the additional reasons stated above, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: <u>August 18, 2022</u>
Syracuse, New York

Brenda K. Sannes
U.S. District Judge